| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date:, April 7, 2010 |
| EASTERN DISTRICT OF NEW YORK | at 10:30 am |

---------------------------------------------------------X

In re:

GOLD & HONEY (1995) LP, et. al.,   Case No.:   808-75237-ast
                                                808-75238-ast
                                                808-75240-ast

                      Debtor(s).   Chapter 11

---------------------------------------------------------X

### UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR IN THE ALTERNATIVE, DISMISS THIS CHAPTER 11 CASE

TO:    THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

        Diana G. Adams, the United States Trustee for Region 2 ("United States Trustee") in furtherance of her duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby make this application in support of entry of an order pursuant to 11 U.S.C. §1112(b) converting this case to one under chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case, whichever is in the best interest of creditors.

        In support therefore, the United States Trustee represents and alleges as follows:

### PRELIMINARY STATEMENT

        Gold & Honey (1995) LP, and its affiliates, Almond Jewelers, Inc., and Gold & Honey, Ltd. filed their respective bankruptcy petitions under chapter 11 of the Bankruptcy Code on September 23, 2008. The cases were procedurally consolidated for noticing purposes (collectively the "Debtors"). The Debtors' principal office is located in Port Washington, New York. The Debtors' business is the design, manufacturing and worldwide marketing of gold and

1

silver jewelry products. In or about 1993, the Debtors moved the manufacturing aspect of their operation to Israel. The Debtors allege that in July 2008, First International Bank of Israel ("FIBI"), a secured creditor, terminated the Debtors' financing so the Debtors could not continue their business operation in Israel. As a result, the Debtors sought the protection of this Court. Since the filing, the Debtors have moved almost of their business operation to Thailand. However, for the past eighteen (18) months while the Debtors were in bankruptcy, they have failed to timely file their monthly operating reports ("MORs"). The MORs that have been filed provided insufficient financial and other pertinent information about the Debtors' business operation. The Debtors have failed to candidly disclose all post-petition financial and business transactions that have taken place in Thailand. In addition, Debtors also failed to provide any financial information concerning Almond Thailand, a non-filing affiliate allegedly owned by the Debtors' principal, which conducts all of the business transactions on behalf of the Debtors. Under the Debtors' proposed plan of reorganization ("Plan"), Almond Thailand has committed to make cash contributions and guaranteed funding of the Plan. But as will be shown herein, the Debtors' lack of financial transparency raises serious concerns of whether the Debtors can propose a confirmible plan, much less confirm a plan of reorganization. In light of the foregoing, cause has been shown under 11 U.S.C. §1112(b) to convert or dismiss this chapter 11 case.

## BACKGROUND

1.      Gold & Honey (1995), LP ("GH LP"), Almond Jewelers, Inc. ("Almond"), and Gold & Honey ("G&H") ("collectively the "Debtors"), filed for relief under chapter 11 of the Bankruptcy Code on September 23, 2008, and were assigned case numbers: 808-75237, 808-75238 and 808-75240, respectively.

2.      Pursuant to an order dated October 6, 2008, the Debtors' cases were procedurally

consolidated for noticing purposes.

3.  The United States Trustee has been unable to appoint a committee of unsecured creditors.

4.  The Debtors are engaged in the business of designing, manufacturing, marketing and selling jewelry products worldwide. GH LP maintains its principal office at 16 South Maryland Avenue, Port Washington, New York. Since the inception of these cases, the Debtors have engaged the services of Almond Thailand, a non-filing affiliate that is allegedly owned by Jonathan Mandelbaum, the principal of the Debtors, in the Debtors' Thailand operation.

5.  Upon information and belief, the Debtors have remained in possession of their assets.

6.  Since the inception of the filing, the Debtors have failed to timely file their MORs. On December 15, 2009, the Debtors filed their September 2009 MOR.

7.  On December 12, 2009, the Debtors filed a plan summary ("Plan Summary").

8.  To date, the Debtors have not filed a plan of reorganization ("Plan") or disclosure statement.

## APPLICABLE LEGAL AUTHORITY

9.  28 U.S.C. §586(a)(8) states that "in any case in which the United States trustee finds material grounds for relief under §1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief. Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

10. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstance specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> > (A) there is reasonable likelihood that a plan will be confirmed within the time frames established in §§ 1121(e) and 1129(e) of this title . . .; and
> >
> > (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
> >
> > > (I) for which there exists a reasonable justification for the act or omission; and
> > > (ii) that will be cured within a reasonable period of time fixed by the court . . .
>
> (4) for purposes of this subsection, the terms 'cause' includes –
>
> > (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

11. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." <u>In re TCR of Denver, LLC</u>,

4

338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

12. Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. In re Levinsky, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal a chapter 11 case, so long its decision is made based upon the best interest of creditors. See In re Gonic Realty Trust, 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); In re Earth Services, Inc., 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. Levinsky, 23 B.R. at 217; see also In re Santiago Vela, 87 B.R. 229, 231 (D. P.R. 1988); In re 3868-70 White Plains Road, Inc., 28 B.R. 515, 519 (S.D.N.Y. 1983).

13. 11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause." For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) "cause" includes:

    (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (D)    unauthorized use of cash collateral substantially harmful to 1 or more creditors;

> (F) Unexcused failure to satisfy timely any filing or reporting requirement established by this title of by any rule applicable to a case under this chapter;

14. The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). See In re Springs Hospitality, Inc., 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1)); In re 3 RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

15. Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith. See, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

## ARGUMENT

**Cause exists for Court to enter an order converting or dismissing this chapter 11 case**

**I.   There is no likelihood a plan will be confirmed within a reasonable period of time**

16. The Debtors have enjoyed the protection of this Court for almost eighteen (18)

months.  Although the Debtors have devoted a significant amount of resources in litigation with FIBI, it is inexcusable that the Debtors, represented by experienced counsel, have ignored their statutory duty to provide pertinent financial information to the Court, the United States Trustee and their creditors.

17. Although a Plan Summary was filed by the Debtors, the actual Plan has not been proposed.  If the terms of the actual Plan are similar to the terms under the Plan Summary, it appears that the Plan is not feasible and thus unconfirmable.

18. As set forth previously in the United States Trustee's objection to the professionals' second interim fee applications, the Plan Summary fails to provide any meaningful financial and/or other material information regarding the Debtors' business arrangements with Almond Thailand.  Upon information and belief, Almond Thailand manufacturers the jewelry for the Debtors but there is inadequate disclosure with respect to the parties' contractual arrangements.  This information is critical because according to the Plan Summary, Almond Thailand is both the proposed funder and Plan proponent.  Since so little is known about Almond Thailand and its pre-petition, post-petition, as well as post-confirmation, business relationship with the Debtors, not only is the feasibility of any Plan an open question, but the Court and creditors will be unable to determine whether the Plan is in the best interest of creditors. Therefore, unless the Debtors become more transparent with respect to a) their financial and business relationship with Almond Thailand, and b) the financial disclosure of Almond Thailand, it does not appear that the Debtors can satisfy the confirmation standards set forth at 11 U.S.C. §1129.

**II.    Unexcused failure to satisfy timely any filing or reporting requirements under the applicable statues**

19.     After almost eighteen (18) months into the case, the United States Trustee has continued to raise serious concerns regarding the Debtors' lack of candid and complete financial disclosure.  The Debtors have represented that more than 90% of their business operations are taking place overseas in Thailand.  But as will be shown herein, the Debtors have yet to provide the detailed financial disclosure to enable the Court, the United States Trustee and creditors to adequately monitor these chapter 11 cases.

20.     Since the inception of the filing, the Debtors' sporadical filings of their MORs are mere attempts to comply with the Court's imposed deadlines.  Upon information and belief, the Debtors' financial information is compiled by the staff of Almond Thailand in Thailand.  The final assembly of the MORs is completed by the Debtors' counsel in United States.  There is no verification by any accountants regarding the methodology used to compile the information provided in the MORs.  There are also numerous disclaimers provided in the MORs regarding the lack of financial information from the Israeli operation due to the appointment of the receiver over the Debtors' assets in Israel.

21.     In addition, none of the MORs are useful because they lack meaningful financial disclosure.  For instance, in the September 2009 MOR **(Docket Entry # 217)**, includes a Statement of Operations (Income Statement) showing that the Debtors had no sales for the month, yet generated a "Net Profit" of $78,676.  The same statement also shows "Cost of Goods Sold," "Gross Profit," and "Net Profit Before Other Income & Expenses" each reported in the same amount of $78,676.  The Balance Sheet only provides financial conclusions without any detailed breakdowns and reconciliations.  The September 2009 MOR provides no information regarding the aging and the status with respect to the collection of the $2.4 million accounts

receivable. The Debtors fail to provide any information regarding the composition of their inventories of approximately $433,228. Although the Balance Sheet states that attachments in support of the "Other Current Assets" of $171,430 and "Other Assets" in excess of $4.3 million were provided, none of them were annexed to the MORs. Based upon the foregoing, the Debtors' filed MORs lack adequate and accurate financial information concerning the condition of the Debtors.

**III.     Other cause exits in support of conversion or dismissal**

22.     The Debtors have continued their business operation in Thailand for the past eighteen (18) months. Almond Thailand plays a significant role in the Debtors' post-petition business operations, but there is essentially no financial disclosure provided with respect to Almond Thailand, or the manner in which Almond Thailand conducts business transactions on behalf of the Debtors. It appears that both the Debtors' entities and Almond Thailand are owned by Jonathan Mandelbaum. The lack of disclosure begs the question of whether the Debtors have an independent fiduciary in Thailand overseeing the financial transactions between the Debtors and Almond Thailand, which fiduciary is overseeing and preparing the Debtors' books and records in Thailand. The Debtors' lack of financial transparency of their Thailand operation raises serious concerns about their ability to manage their business competently and their ability to successfully reorganize.

23.     In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an order converting this case to one under chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this chapter 11 case.

## **CONCLUSION**

24. Since the filing of these cases eighteen (18) months ago, the Debtors have failed to demonstrate to the Court and the United States Trustee that they have either the means or the desire to proceed toward a successful reorganization. The Debtors have failed to a) comply with the statutory requirements of timely filing MORs and all other related financial disclosures; b) assure that an independant competent management is put in place to oversee all of the Debtors' business and financial transactions in Thailand; and c) propose a confirmable Plan. In light of the foregoing, it is submitted that cause has been shown in support of conversion of this chapter 11 case or dismissal.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Converting this case to one under chapter 7, or in the alternative, dismissing this case, whichever is in the best interest of creditors of the estate;

B. Requiring the payment of the United States Trustee's quarterly fees through the date of entry of the order converting or dismissing the case; and

C. Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
March 8, 2010

DIANA G. ADAMS
UNITED STATES TRUSTEE
Region 2

 **/S/ Stan Y. Yang**
Stan Y. Yang
Trial Attorney

560 Federal Plaza
Central Islip, New York 11722
631-715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date:, April 7, 2010 |
| EASTERN DISTRICT OF NEW YORK | at 10:30 am |

---------------------------------------------------------X

In re:

| | |
|---|---|
| GOLD & HONEY (1995) LP, et. al., | Case No.: 808-75237-ast |
| | 808-75238-ast |
| | 808-75240-ast |
| Debtor(s). | Chapter 11 |

---------------------------------------------------------X                **NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

      1. Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, of the United States Bankruptcy Court, Long Island Federal Courthouse, 960 Federal Plaza, Central Islip, New York, on **April 7, 2010, at 10:30 A.M..** or as soon thereafter as counsel may be heard, for an order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case and such other and further relief as may be deemed just and proper.

      2. The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

      3. Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Stan Y. Yang, Esq., no later than five (5) days prior to the hearing date set forth above.   The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

| | |
|---|---|
| Dated: Central Islip, New York | |
|       March 8, 2010 | DIANA G. ADAMS |
| | UNITED STATES TRUSTEE |
| | FOR REGION 2 |
| | 560 Federal Plaza |
| | Central Islip, New York 11722 |
| | (631) 715-7800 |

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: April 7, 2010 |
| EASTERN DISTRICT OF NEW YORK | at 10:30 am |

-------------------------------------------------------X

In re:

| | |
|---|---|
| GOLD & HONEY (1995) LP, et. al., | Case No.: 808-75237-ast |
| | 808-75238-ast |
| | 808-75240-ast |
| Debtor(s). | Chapter 11 |

-------------------------------------------------------X  **NOTICE OF MOTION**

      PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee for the Eastern District of New York will move this Court before the Honorable Alan S. Trust, Bankruptcy Judge of the United States Bankruptcy Court at 960 Federal Plaza, Central Islip, New York on **April 7, 2010, at 10:30 A.M.** or as soon thereafter as counsel can be heard, for an order pursuant to 11 U.S.C. §1112(b) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case and such other and further relief as may be deemed just and proper.

      Responsive papers shall be filed with the Bankruptcy Court and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Y. Yang, Esquire, no later than three (3) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and the entity submitting the response, the nature of the response and the basis of the response.

Dated: Central Islip, New York
      March 8, 2010

                                          DIANA G. ADAMS
                                          UNITED STATES TRUSTEE
                                          Region 2

                                          **/S/ Stan Y. Yang**
                                          Stan Y. Yang
                                          Trial Attorney

                                          560 Federal Plaza
                                          Central Islip, New York
                                          (631) 715-7800

| UNITED STATES BANKRUPTCY COURT | Hearing date: April 7, 2010 |
|---|---|
| EASTERN DISTRICT OF NEW YORK | at 10:30 am |

-------------------------------------------------------X

In re:

GOLD & HONEY (1995) LP, et. al.,   Case No.:   808-75237-ast
                                                               808-75238-ast
                                                               808-75240-ast

                      Debtor(s).   Chapter 11

-------------------------------------------------------X

**AFFIDAVIT OF SERVICE
BY MAIL**

STATE OF NEW YORK)
                           :ss
COUNTY OF SUFFOLK )

Linda Kmiotek, being duly sworn, deposes and says:

      1. I am not a party to this action, am over the age of 18 years and am employed at the Office of the United States Trustee for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722

      2. On March 8, 2010, I served a true copy of the annexed **Application In Support of an Order to Convert This Case From One Under Chapter 11 To A Case Under Chapter 7 Of The Bankruptcy Code, Or In The Alternative, Dismiss This Case**, by depositing same in a sealed envelope, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses listed on the attached list.

                                          */S/ Linda Kmiotek*
                                          Linda Kmiotek

Sworn to before me on the
8th day of March, 2010

*/S/ Stan Y. Yang*
Notary Public

*Stan Y. Yang
Notary Public, State of New York
No. 31-4977344
Qualified in Nassau County
Commission Expires February 4, 2011*

MAILING LIST

Gary M. Kushner, Esq.
Forchelli, Curto, Deegan, Schwartz,
Mineo, Cohn & Terrana, LLP
333 Earle Ovington Blvd.
Suite 1010
Uniondale, New York 11553

Gold & Honey (1995) LP
Almond Jewelers, Inc.
Gold & Honey, Ltd
16 South Maryland Avenue
Port Washington, New York 11050

Lee W. Stremba, Esq.
Troutman Sanders, LLP
405 Lexington Avenue
New York, New York 10174